712 A.2d 649

UNISYS CORPORATION, TOWNSHIP LINE & UNION MEETING ROADS BLUE BELL, P.A. 19424, PLAINTIFF, v. INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL IN-SURANCE COMPANY, CERTAIN UNDERWRITERS OF LLOYD'S LONDON, THE INSTITUTE OF LONDON UNDER-WRITERS, COMPANIES COMBINE, COMPANIES INSUR-ANCE, GENERAL RE–INSURANCE CORPORATION, AMERI-CAN RE–INSURANCE COMPANY, COMMERCIAL UNION INSURANCE COMPANY (FORMERLY THE EMPLOYER'S LI-ABILITY ASSURANCE CORPORATION AND EMPLOYER'S COMMERCIAL UNION INSURANCE COMPANY), HOME IN-SURANCE COMPANY, AETNA CASUALTY & SURETY COM-

PANY, AIU INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, NORTHBROOK EXCESS & SURPLUS LINES INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ROYAL INSURANCE COMPANY OF AMERICA, WAUSAU INTERNATIONAL UNDERWRITERS AND DOE INSURANCE COMPANIES, 1 THROUGH 100, DEFENDANTS, AND UNISYS CORPORATION, THIRD PARTY PLAINTIFF-APPELLANT, v. EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY, CERTAIN UNDERWRITERS OF LLOYD'S, LONDON, AND TRAVELERS INDEMNITY COMPANY, THIRD PARTY DEFENDANTS–RESPONDENTS, AND EVANSTON INSURANCE COMPANY, THIRD PARTY DEFENDANT.

Argued December 1, 1997—Decided June 11, 1998.

*Andrew P. Napolitano* argued the cause for appellant (*Sills Cummis Zuckerman Radin Tischman Epstein & Gross,* attorneys; *Mr. Napolitano, Eric I. Abraham, Robert E. Mensel, Raymond B. Biagini,* a member of the District of Columbia bar, *Ray M. Aragon,* a member of the District of Columbia bar, and *Juanita R. Brooks,* a member of the California bar, of counsel; *Mr. Napolitano* and *Mr. Abraham,* on the briefs).

*Catherine M. Colinvaux,* a member of the Massachusetts bar, argued the cause for respondent Employers Insurance of Wausau, A Mutual Company (*Mendes & Mount,* attorneys; *William S Wachenfeld* and *Robert Priestley,* on the briefs).

*William T. Corbett, Jr.,* argued the cause for respondent Travelers Indemnity Company (*Shanley & Fisher,* attorneys).

The opinion of the Court was delivered by

O'HERN, J.

This case is a companion to *Pfizer, Inc. v. Employers Insurance of Wausau,* 154 *N.J.* 187, 712 *A.*2d 634 (1998), and *HM Holdings, Inc. v. Aetna Casualty & Surety Insurance Co.,* 154 *N.J.* 208, 712 *A.*2d 645 (1998), also decided today. This is also a multistate, multisite environmental insurance coverage case. In this action involving cleanup sites in New Jersey, California, Michigan, and New York, the Law Division ruled that New York law will govern (1) whether the sudden and accidental pollution-exclusion clause contained in certain of the insurance policies bars coverage of the Unisys Corporation (Unisys) claims and (2) whether a late-notice defense applies to bar coverage for Unisys.

## I

Unisys seeks coverage for environmental liabilities incurred by one of its predecessors, the Burroughs Corporation. As in *Pfizer, supra,* and *HM Holdings, supra,* we make no findings of fact. The liabilities at issue here arose from operations at twenty-one sites in New Jersey, California, Pennsylvania, Kentucky, Michigan, Wisconsin, and New York. Unisys initially sought coverage for environmental liabilities incurred by another predecessor, the Sperry Rand Corporation. In July 1994, Unisys added the Burroughs' claims against Employers Insurance of Wausau (Wausau), The Home Insurance Company (Home), and various London market insurers. (The term "London market insurers" refers to insurers who have entered into contracts of insurance providing indemnity for the plaintiffs and who are either underwriters and syndicates at Lloyd's of London or a company doing business in the London Insurance Market.) Unisys later joined Evanston Insurance Company (Evanston) and Travelers Indemnity Company (Travelers). After preliminary discovery, the parties selected the seven Phase I Burroughs sites for discovery and trial.

Unisys is a Delaware corporation with headquarters in Pennsylvania. Throughout the coverage periods, Burroughs operated in many states. Burroughs did maintain a substantial and continuous business presence in New Jersey for eighty-seven years. Between 1958 and 1983, Burroughs bought comprehensive general liability (CGL), umbrella, and excess policies of insurance from Wausau, Travelers, Evanston, and Home, none of which (with the exception of Home) are headquartered in New York. Two Phase I sites are in New Jersey; two are in California; two are in Michigan; and one is in New York. Forty-three percent of the estimated Phase I cleanup cost is for New Jersey cleanup.

Anticipating choice-of-law issues, the trial court requested that the parties state their positions. Unisys argued that New Jersey law applies to the issues of late notice and the pollution-exclusion clause, maintaining that the insured risk was foreseeably multistate, the insurers did not include a choice-of-law provision in the

policies, and that two substantial sites, representing forty-three percent of the total damages in Phase I, are in New Jersey. Wausau and Travelers countered that either the law of the site or, alternatively, the law of New York, where the contracts were entered into, applies.

The trial court held:

> In evaluating the significance of New Jersey interests, the court notes that although Unisys has a presence here, their commitment and resources, as compared to their overall national and international operations, is not of such magnitude as to constitute a compelling reason to invoke this jurisdiction's substantive law.... In view of the progress of ongoing clean-ups [of the waste sites] and the absence of any immediate danger to New Jersey residents, this suit is essentially for reimbursement and does not give rise to the important policy considerations requiring application of New Jersey's substantive law.
>
> In 1971, New York statutory law began requiring insurers to include a pollution exclusion clause in liability policies. The rationale for this requirement was ... to prohibit commercial or industrial enterprises from buying insurance to protect themselves against liabilities arising out of the pollution of the environment. Considering this strong public policy, this Court finds that New York's interest in this litigation is paramount.

Accordingly, the trial court found that the case "does not give rise to the important policy considerations requiring the application of New Jersey's substantive law." We granted Unisys' motion for leave to appeal that ruling. 150 *N.J.* 21, 695 *A.*2d 665 (1997).

## II

### What law governs the interpretation of the pollution-exclusion clause?

The analysis differs from *Pfizer, supra,* and *HM Holdings, supra,* in that two of the waste sites are located in New Jersey. It is therefore clear that factor one, derived from *Restatement (Second) of Conflict of Laws* section 6 (1971) (*Restatement*), the competing interests of the states, favors the application of New Jersey law, at least insofar as the New Jersey sites are involved. At issue is the extent of that interest because Unisys has either cleaned up or committed funds to clean up the sites. Because all of the cleanup costs are not yet fully determined, we hesitate to say that New Jersey no longer has an interest in providing funds

to remediate the New Jersey sites. Moreover, to penalize a company that has advanced funds to expedite the cleanup of hazardous waste sites would counter the public policy that encourages rapid cleanup of environmental contaminants. As counsel put it, that would "turn public policy on its head." Finally, we ought not have a rule of law that distinguishes between the "mom-and-pop" businesses that need access to insurance funds to clean up hazardous materials and companies that appear to have more cash reserves. If the sums reserved prove to be insufficient to clean up the sites, New Jersey would retain an interest in the outcome of the action.

Concerning the interest of commerce among the states, it is clear that application of New York law to the issue of coverage under the pollution-exclusion clause at the New Jersey sites would frustrate New Jersey's policies.

Concerning the justifiable expectations of the parties and their interests in predictability of result at the time the insurance policies were issued, we cannot say that the parties would have expected that New York law would govern liability at waste sites in New Jersey or, as Unisys claims, that New Jersey law would govern waste sites elsewhere. For example, all of the subject Wausau policies were negotiated and issued in New York by Wausau's Syracuse, New York office and Burroughs' New York-based brokers. The premiums for these policies were paid to Wausau in New York. Throughout this twenty-five year period, the Burroughs insurance and risk management employees who were involved with the Wausau policies were based in Detroit, Michigan. The policies were countersigned by an agent authorized to countersign policies in Michigan. There is simply no New Jersey connection with the out-of-state sites.

■ With respect to factor four, the concern for judicial administration, we respect the trial court's concerns for a single governing law. We do not expect, however, that the issues will be unmanageable. Wausau's counsel acknowledged that "[w]hen Phase I is complete, the legal principles and central facts which have emerged will likely translate to the remaining, less signifi-

cant sites, so that resolution of the remaining sites will proceed more rapidly." An extraordinarily experienced trial court is handling these cases and will make the issues manageable. Hence, we believe that in the case of New Jersey sites, New Jersey law should govern; in the case of the other sites, the law of the waste sites should govern if it differs from New Jersey's.

## III

### What law governs the late-notice provision?

■ With respect to the choice of law to govern the applicability of the late-notice provision, the competing interests of the states favor application of the law of the waste sites. Unisys is a Delaware corporation with headquarters in Pennsylvania. New Jersey's interest in protecting New Jersey policyholders and, indirectly, those suffering losses covered under the policies, would be served by the application of New Jersey law to the New Jersey sites. That Unisys has reserved funds to clean up the sites should not impede its right to indemnity. The purpose of New York's law, to protect the well being of New York's domestic insurance companies, is not served by application to insurance companies that are not headquartered or based in New York. The interests of commerce would be hindered if New York law were applied to frustrate the policies of New Jersey law or the law of the waste sites. Concerning the justified expectations of the parties, it could hardly have been expected that New York law would govern the late notice of occurrences in states other than New York by policyholders not located in New York to insurance companies not located in New York. *See HM Holdings, supra,* 154 *N.J.* at 216, 712 *A.*2d 645. We agree that it would simplify the trial of the matters were one law applied, but for the reasons stated in *Pfizer, supra,* we do not believe that can be determinative under the *Restatement* section 6 principles.

Finally, we have considered the motions of Travelers and others to dismiss this appeal as moot. At oral argument, we were informed that the cases had been settled "in principle" or in fact as to each defendant. We have since received a copy of an order

approving the settlement agreement and dismissing the complaints against Wausau. Because the issues are important and recurring, *Zirger v. General Accident Ins. Co.*, 144 *N.J.* 327, 330, 676 *A.*2d 1065 (1996), we consider it useful to set forth the analysis in a multistate, multisite case involving New Jersey sites. The motion to dismiss for mootness is denied.

To the extent that it remains operative, we reverse the order of the Law Division and remand the matter for further proceedings in accordance with this opinion. Nothing herein shall disturb any resolutions of the issue made by the parties. The settlements are unaffected.

*For reversal and remandment*—Chief Justice PORITZ, and Justices HANDLER, O'HERN, GARIBALDI, STEIN and COLEMAN—6.

*Opposed*—None.